UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:09-CR-156 RM |
| ) | |
| BYRON LEVON CANADA ) | |
| aka BARNEY L. CANADA and ) | |
| aka THE VERY REVEREND ) | |
| FATHER BARNEY (01); ) | |
| TRINITY TRUST FINANCIAL ) | |
| SERVICES LLC (02); ) | |
| PROVIDENCE FUNDING INC. (03) ) | |

# PETITION TO ENTER A GUILTY PLEA

The defendants above-named respectfully represent to the Court as follows:

1. The individual defendant's true name is Byron Levon Canada and he requests that all proceedings against him be had in the name which he here declares to be his true name. Trinity Trust Financial Services LLC and Providence Funding Inc. are corporations formed in the State of Indiana under state law. Defendant Canada is in control of both corporations.

2. Byron Levon Canada was born in the United States of America. Defendant Canada has attended school and has the ability to read, write, and speak the English language.

3. The defendants are represented by counsel and their lawyer's name is Jeffrey L. Sanford.

4. Defendant Canada has received a copy of the thirty-one count Indictment and has

read and discussed it with his lawyer, and believes and feels that he understands every accusation made against the defendants in this case.

5. Defendant Canada has told his lawyer the facts and surrounding circumstances as known to him concerning the matters mentioned in the Indictment and believes and feels that his lawyer is fully informed as to all such matters. Defendants' lawyer has since informed the defendants and has counseled and advised the defendants as to the nature and cause of every accusation against the defendants and as to any possible defenses the defendants might have in this case.

6. Defendant Canada understands that he and the corporations are entitled to have all of their rights which may be involved in this matter explained, and that he has the right to have any questions he has answered.

7. The defendants understand that they have a right to plead NOT GUILTY to any offense charged, and that under a plea of NOT GUILTY the Constitution guarantees to defendants:

(a) the right to a speedy and public trial by a twelve-person jury of my peers, selected according to law, in the Northern District of Indiana which must return a unanimous verdict of GUILTY before I can be convicted;

(b) the right to be released on reasonable bail until my trial occurs;

(c) the right to see, hear and cross-examine all the witnesses against me at my trial;

(d) the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses, in my favor at my trial;

(e) the right to the assistance of counsel at every stage of the proceedings, including

upon an appeal if need be;

    (f)    the right not to testify without prejudice; and,

    (g)    that in the event that I should be found GUILTY of the charge against me, I would have the right to appeal my conviction on such charge to a higher court.

    8.    The defendants understand, also, that if they plead GUILTY, they waive the right to trial by jury in any and all proceedings in this case and all of the other rights mentioned above.

    9.    Notwithstanding the above, the defendants have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office for the Northern District of Indiana as follows:

    (a)    The defendants agree to plead guilty to the Indictment, which charges the defendants with wire fraud, mail fraud, money laundering, and conspiracy. The defendants agree to plead guilty to these charges because the defendants are in fact guilty of these offenses;

    (b)    The defendants admit that all of the following are true:

The defendants engaged in a scheme to defraud various persons and entities of monies using offices maintained in South Bend, Indiana. The scheme began around 2004 and continued into 2009. The scheme to defraud consisted of the defendants and their accomplices representing that the defendants could provide loans and financing for various business, real estate, and church projects that were being pursued by victims. As part of the scheme, defendant Canada falsely represented to victims including several churches that Provident Funding Inc. and Trinity Trust Financial Services LLC were direct lenders with their own source of funds for financing such projects. The defendants also gave false assurances that loans and financing could and would be provided, despite the defendants knowing that there was little or no likelihood that financing could ever be provided for the victims' projects and business ventures. As part of the scheme, the defendants solicited up front payments of fees ranging from $5,000 to more than $225,000 from victims as advance payment of fees for the loans and financing. The defendants along with others then kept these fees even when no financing or loans were ever provided as promised. As part of the scheme, the defendants along with accomplices prepared various loan documents and other paperwork to make it seem as if the defendants were arranging the promised funding when in fact no such financing or funding was really being arranged or was provided.

As part of the fraud scheme, the defendants assisted by others solicited and received interstate wire transfers of monies from victims across the United States as well as mailings of checks from victims – as listed in Counts 1 through 26 of the Indictment. These advance fees were received into or deposited into accounts maintained by the defendants in the Northern District of Indiana.  Using the monies from the wire/mail fraud scheme, defendant Canada (aided and abetted by the corporate defendants and other persons) engaged in the four transactions listed in Counts 27 through 30 of the Indictment.  These transactions each occurred in the United States of America and involved transactions that were more than $10,000 each.

Finally, the defendants admit that they conspired with other persons to engage in the wire/mail fraud scheme described above and in the Indictment.

(c) **For defendant Canada**: The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1343 is 20 years imprisonment, a $250,000 fine, or a combination of both imprisonment and a fine, as well as a three-year period of supervised release to follow any term of imprisonment and a mandatory special assessment of $100.  The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1341 is 20 years imprisonment, a $250,000 fine, or a combination of both imprisonment and a fine, as well as a three-year period of supervised release to follow any term of imprisonment and a mandatory special assessment of $100. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1957 is 10 years imprisonment, a $250,000 fine, or a combination of both imprisonment and a fine, as well as a three-year period of supervised release to follow any term of imprisonment and a mandatory special assessment of $100.  The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 371 is 5 years imprisonment, a $250,000 fine, or a combination of both imprisonment and a fine, as well as a three-year period of supervised release to follow any term of imprisonment and a mandatory special assessment of $100. **For the corporate defendants**: The statutory maximum fine for each count of the Indictment is $500,000.  The defendants also understand that the court will impose an order of full restitution, which the defendants agree to pay;

(d) The defendants understand that the offense(s) to which they are pleading guilty falls under the Sentencing Guidelines promulgated by the United States Sentencing Commission under Title 28, United States Code, Section 994.  The defendants are aware that their sentence will be determined in accordance with applicable sentencing statutes, the United States Sentencing Guidelines, and this plea agreement.  The defendants agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense(s) as set forth in this plea agreement.  With that understanding, the defendants expressly waive any right to appeal the conviction, the sentence and any restitution order to any Court on any ground, including any claim of ineffective assistance of counsel.  The defendants also agree not to contest or challenge

the conviction, the sentence, any restitution order imposed, or the manner in which the conviction, the sentence or the restitution order was determined or imposed on any ground including any alleged ineffective assistance of counsel in any appeal under Title 18, United States Code, Section 3742 or in any kind of post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255;

(e)     Defendant Canada will provide to the United States Attorney's Office for the Northern District of Indiana a full and complete personal financial statement within 21 days of the filing of this plea agreement.  The defendants agree to provide to the United States Attorney's Office within 21 days of the filing of this plea agreement full and complete corporate financial statements for the last three years for the corporate defendants and any other corporations, companies or partnerships related to or affiliated with defendant Canada;

(f)     Defendant Canada represents that he has valid and full corporate authority to enter a guilty plea on behalf of the two corporate defendants;

(g)     The defendants understand that the Court, based upon input from them, their attorney, and the government as well as an investigation by the United States Probation Office, will determine the guideline range to be applied at the sentencing;

(h)     The defendants fully understand that the United States of America has reserved the right to tell the Sentencing Court the good things about them, and the bad things about them, and has reserved the right to fully inform the Court of the nature and extent of their offense(s);

(i)     The government agrees that in recognition of the defendants' acceptance of responsibility for their offense conduct, the defendants are entitled to a reduction in the offense level under Guideline § 3E1.1; however, the government's obligation to recommend an acceptance of responsibility reduction under this plea agreement is contingent upon the defendants' continuing manifestation of acceptance of responsibility. Should the defendants deny involvement, give conflicting statements of involvement, or engage in additional criminal conduct including any personal use of controlled substances, the government shall not be bound to recommend any reduction in offense level for acceptance of responsibility.  The defendants understand that the government's recommendation in this respect is a non-binding recommendation and that the Court makes the final decision whether to reduce the defendants' offense level at all and to what extent for acceptance of responsibility.  The government agrees that it will make an appropriate motion for a third level of acceptance of responsibility reduction indicating timely acceptance of responsibility as long as the defendants continue to manifest full and complete acceptance of responsibility;

(j)     The defendants agree to entry of a forfeiture judgment in the amount of $2.7 million.  The defendants agree to execute any necessary documentation for the

completion of the forfeiture judgment;

(k) The defendants hereby waive all rights, whether asserted directly or through a representative, to request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not limited to, rights conferred by the U.S. Constitution, the Freedom of Information Act, and the Privacy Act of 1974;

(l) The defendants agree to pay full restitution (more than $2.7 million) for all of the losses caused to all victims, including but not limited to those explicitly referenced in the Indictment, from their crimes;

(m) Defendant Canada has discussed and will discuss fully, truthfully, and candidly his knowledge of all criminal activities with representatives of the United States Attorney's Office for the Northern District of Indiana and any other law enforcement agency if requested to do so by the United States Attorney's Office for the Northern District of Indiana;

If requested to do so by the United States Attorney's Office for the Northern District of Indiana, defendant Canada will testify truthfully, candidly, and completely in grand jury proceedings in the Northern District of Indiana and elsewhere. Also, if requested to do so, defendant Canada will testify truthfully, candidly and completely in any trials or other judicial proceedings;

In addition, the defendants will provide to the United States Attorney's Office for the Northern District of Indiana such corroboration as they possess or are under their control;

(n) The defendants' agreement with the United States Attorney's Office for the Northern District of Indiana has been entered into with the understanding that defendant Canada has been and will continue to be honest, candid, and truthful in his cooperation. If the United States Attorney's Office for the Northern District of Indiana later determines that defendant Canada has not been honest, candid or truthful, it can petition the Court to declare this agreement to be null and void;

(o) Other than what is contained in this plea agreement, no predictions, promises, or representations have been made to me as to the specific sentence that will be imposed or any other matter.

10. The defendants are prepared to state to the Court the reasons based on the facts in this matter that cause the defendants to believe that the defendants are GUILTY as charged.

11. The defendants believe and feel that their lawyer has done all that anyone could

do to counsel and assist them, and that the defendants now understand the proceedings in this case against them.

12.     The defendants declare that they offer their plea of GUILTY freely and voluntarily and of their own accord, and no promises have been made to them other than those contained in this petition, nor have they been threatened in any way by anyone to cause them to plead GUILTY in accordance with this petition.

13. The defendants understand and acknowledge that this petition, once filed with the Court, is a public document and available for public viewing.

s/ Byron L. Canada
Byron L. Canada
Defendant


s/ Byron L. Canada
Trinity Trust Financial Services LLC
By its: President


s/ Byron L. Canada
Providence Funding Inc.
By its: President


s/ Jeffrey L. Sanford
Jeffrey L. Sanford
Attorney for Defendants

APPROVED:

    DAVID A. CAPP
    UNITED STATES ATTORNEY


By: s/ Donald J. Schmid
    Donald J. Schmid
    Assistant United States Attorney